UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DWAYNE GUERR,

     Plaintiff,

v.                                                                          Case No. 8:26-cv-01819

ALL CLEAR POOL MAINTENANCE,
LLC, a Florida limited liability company,
and RONALD HENDERSON, individually,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DWAYNE GUERR, by and through his undersigned counsel, hereby sues Defendants, ALL CLEAR POOL MAINTENANCE, LLC, and RONALD HENDERSON, and alleges as follows:

### CAUSES OF ACTION

1.      This is an action by Plaintiff against Defendants for unpaid overtime and minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA").

2.      Plaintiff further seeks damages for unpaid minimum wages under the Florida Minimum Wage Act and the Florida Constitution, as well as unpaid wages and reimbursements under Florida law.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.     Venue is proper in the Middle District of Florida, Tampa Division, because the events giving rise to the claims occurred in Polk County, Florida.

## PARTIES

6.     At all times material hereto, Plaintiff was a resident of Polk County, Florida.

7.     At all times material hereto, Plaintiff was an "employee" of Defendants as defined by 29 U.S.C. § 203(e)(1).

8.     At all times material hereto, Defendant ALL CLEAR POOL MAINTENANCE, LLC ("All Clear"), was a Florida limited liability company doing business in Polk County, Florida.

9.     At all times material hereto, Defendant RONALD HENDERSON was an owner of All Clear.

## ENTERPRISE COVERAGE

10.     At all times material hereto, Defendant All Clear was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1) and was therefore an "employer" subject to the minimum wage and overtime pay mandates of the FLSA, and by virtue of said coverage under the FLSA, it was a covered employer under the FMWA.

11.     Defendant All Clear has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or

2

CALCIANO PIERRO

otherwise working on goods or materials that have been moved in or produced for commerce.

12.　　Specifically, employee duties involved handling pool building materials, electrical components, and equipment sets that moved in interstate commerce.

13.　　At all times material hereto, Defendant All Clear had an annual gross volume of sales made or business done of not less than $500,000.00.

## INDIVIDUAL LIABILITY

14.　　At all times material hereto, Defendant RONALD HENDERSON was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d) and the Florida Minimum Wage Act.

15.　　Henderson exercised operational control over All Clear and the terms and conditions of Plaintiff's employment, including the authority to determine Plaintiff's work hours, method of payment, and rate of pay.

16.　　Henderson is therefore individually liable for the unpaid wages and liquidated damages sought herein under the FLSA and the Florida Minimum Wage Act.

## GENERAL ALLEGATIONS

17.　　Defendants hired Plaintiff to work as a Foreman/Salesperson from approximately August 4, 2025, through October 30, 2025.

18.　　Plaintiff's job duties primarily involved manual labor, including form and steel work, grading, and equipment sets.

19. During the first sixty (60) days of employment, Plaintiff worked four (4) days per week, averaged approximately forty-six (46) hours per week, and was paid a day rate of $200.00.

20. Thereafter, Plaintiff worked five (5) days per week, averaged approximately fifty-five (55) hours per week, and was entitled to an agreed-upon wage increase bringing his day rate to $250.00.

21. Defendants failed to pay Plaintiff his earned wages for the final period of employment (totaling 9 unpaid days at $200.00 and 20 days of the unpaid $50.00 day-rate increase) and failed to pay the required overtime premiums for hours worked in excess of forty (40) per week throughout his employment.

22. Additionally, Defendants failed to pay agreed-upon reimbursements for mileage, tolls, medical expenses, tool damage, and supplies.

## COUNT I - RECOVERY OF OVERTIME WAGES UNDER THE FLSA
### (Against All Defendants)

23. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

24. At all times material hereto, Plaintiff was a non-exempt employee.

25. During his employment, Plaintiff regularly worked in excess of forty (40) hours per workweek.

26. Defendants failed to pay Plaintiff overtime compensation for hours worked in excess of forty (40) per workweek at a rate of at least one and one-half times his regular rate.

4

27.     Defendants did not act in good faith in their compensation of Plaintiff and their failure to pay Plaintiff overtime compensation was willful.

WHEREFORE, Plaintiff, DWAYNE GUERR, respectfully requests that this Court enter judgment against Defendants, ALL CLEAR POOL MAINTENANCE, LLC, and RONALD HENDERSON, jointly and severally, for unpaid overtime wages, an equal amount in liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II - RECOVERY OF MINIMUM WAGES UNDER THE FLSA
### (Against All Defendants)

28.     Plaintiff re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

29.     At all times material hereto, Plaintiff was a non-exempt employee.

30.     During certain workweeks of his employment, Defendants failed to pay Plaintiff at least the federal minimum wage for all hours worked.

31.     Defendants did not act in good faith in their compensation of Plaintiff and their failure to pay Plaintiff the federal minimum wage was willful.

WHEREFORE, Plaintiff, DWAYNE GUERR, respectfully requests that this Court enter judgment against Defendants, ALL CLEAR POOL MAINTENANCE, LLC, and RONALD HENDERSON, jointly and severally, for unpaid minimum wages, an equal amount in liquidated damages, and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT III - UNPAID MINIMUM WAGES UNDER FLORIDA LAW
### (Against All Defendants)

32. Plaintiff re-alleges and incorporates paragraphs 1 through 22 as if fully set forth herein.

33. At all times material hereto, Plaintiff was a non-exempt employee.

34. Defendants failed to pay Plaintiff the Florida minimum wage for all hours worked during certain workweeks of his employment.

35. Defendants did not act in good faith in their compensation of Plaintiff.

36. Plaintiff has complied with the notice requirements of Florida Statutes § 448.110(6). A copy of said notice is attached hereto as Exhibit A.

37. Defendants responded to the notice but failed to resolve the claim, and the mandatory 15-day notice period has expired.

WHEREFORE, Plaintiff, DWAYNE GUERR, respectfully requests that this Court enter judgment against Defendants, ALL CLEAR POOL MAINTENANCE, LLC, and RONALD HENDERSON, jointly and severally, for unpaid Florida minimum wages, an equal amount in liquidated damages, and reasonable attorney's fees and costs pursuant to Article X, Section 24 of the Florida Constitution and Florida Statutes § 448.110.

## COUNT IV - BREACH OF CONTRACT- UNPAID WAGES UNDER FLORIDA LAW
### (Against Defendant All Clear)

38. Plaintiff re-alleges and incorporates paragraphs 1 through 37 as if fully set forth herein.

39. Plaintiff and Defendant All Clear entered into a valid and enforceable agreement for the payment of a day rate (initially $200.00 per day and subsequently increased to $250.00 per day), as well as reimbursements for mileage, tolls, medical expenses, tool damage, and out-of-pocket supplies.

40. Plaintiff performed all conditions, covenants, and obligations required to be performed by him under the agreement.

41. Defendant All Clear breached the agreement by failing to pay Plaintiff earned wages, including his final paychecks and agreed-upon rate increases, and agreed-upon reimbursements totaling $4,449.35.

42. As a direct and proximate result of the breach, Plaintiff has suffered damages.

43. Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to Florida Statutes § 448.08.

WHEREFORE, Plaintiff, DWAYNE GUERR, respectfully requests that this Court enter judgment against Defendant, ALL CLEAR POOL MAINTENANCE, LLC, for unpaid wages and reimbursements in the amount of $4,449.35, and reasonable attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiff demands a trial by jury as to all issues triable as of right.

Dated this 23rd day of June 2026.                    Respectfully submitted,

*s/ R. Michael Pierro, Jr.*

R. MICHAEL PIERRO, JR.
Florida Bar No. 013023
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
mike@flemploymentlaw.com